## A01A0427. BRADFORD v. ROSSI.
### (548 SE2d 70)

RUFFIN, Judge.

Marshall Bradford sued Dr. Mauro Rossi, alleging that Dr. Rossi abandoned him as a patient. Dr. Rossi moved to dismiss the complaint on the ground that the statute of limitation had expired. Dr. Rossi also asserted that dismissal was proper because Bradford failed to attach an expert affidavit to his complaint as required by OCGA § 9-11-9.1. The trial court granted Dr. Rossi's motion on both grounds, and this appeal ensued. For reasons that follow, we affirm.

The record demonstrates that Dr. Rossi, a podiatrist, began treating Bradford in July 1997 for foot ulcers stemming from Bradford's diabetes. On November 17, 1997, Bradford saw Dr. Rossi for an infection in his right foot, and Dr. Rossi prescribed antibiotics and instructed Bradford to return in 24 hours. When Bradford returned, his foot had not improved, and Dr. Rossi told him to go to Athens Regional Medical Center. According to Dr. Rossi's affidavit, as a podiatrist, he does not have the authority to admit patients to the hospital, but he can assist in treatment once a patient has been admitted.

Bradford, in keeping with Dr. Rossi's instructions, went to Athens Regional Medical Center, where he remained for over a week, during which time he was under the care of Dr. J. Michael Cobb. While Bradford was in the hospital, neither he nor any of the physicians at the hospital contacted Dr. Rossi. After Bradford was discharged, however, he returned to Dr. Rossi on three more occasions for foot problems.

On November 19, 1999, Bradford filed suit against Dr. Rossi, alleging that Rossi had "abandoned" him in November 1997, which caused him to suffer both "damage and deterioration of tissue in his ankles and feet" and "anxiety, distress, excruciating pain of body,

psychological duress, and an influx [sic] of medical expenses." In his complaint, Bradford acknowledged that he had "not filed . . . an affidavit of an expert," but noted that "there are exceptions to the rule requiring the affidavit of an expert." The trial court concluded that this was not a case in which such exception applied, and it dismissed Bradford's suit. We agree with the trial court.

1. Pursuant to OCGA § 9-11-9.1 (a), "[i]n any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." "This Code section applies to any action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care."[1] An action alleges professional malpractice when it calls into question the conduct of a professional in his area of expertise.[2]

Bradford claims that Dr. Rossi abandoned him. A claim of abandonment, which is a tort, "amounts to the same as negligent treatment."[3] As such, the claim requires that the plaintiff file an expert affidavit.[4] This is so because the gravamen of the complaint is that Dr. Rossi somehow injured Bradford by sending him to the hospital rather than arranging for his continued medical treatment. Thus, Bradford essentially alleges that Dr. Rossi provided inadequate medical care. In order to prove such allegation, Bradford must establish what would have constituted adequate medical care, which requires the knowledge of an expert.[5] Accordingly, Bradford's failure to file an expert affidavit warrants dismissal.[6] It follows that the trial court did not err in dismissing Bradford's complaint.

2. In view of our holding in Division 1, we need not address Bradford's remaining enumerations of error.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 20, 2001.

---

[1] (Punctuation omitted.) *Epps v. Gwinnett County*, 231 Ga. App. 664, 666 (1) (499 SE2d 657) (1998).

[2] See *Upson County Hosp. v. Head*, 246 Ga. App. 386, 389 (1) (540 SE2d 626) (2000).

[3] (Punctuation omitted.) *Norton v. Hamilton*, 92 Ga. App. 727, 731 (89 SE2d 809) (1955).

[4] See *Landers v. Ga. Baptist Med. Center*, 175 Ga. App. 500, 501-502 (1) (333 SE2d 884) (1985).

[5] See *Epps*, supra.

[6] See id.; *Upson*, supra; *Holloway v. Northside Hosp.*, 230 Ga. App. 371-372 (496 SE2d 510) (1998).

Marshall A. Bradford, *pro se.*
*Nall & Miller, James S. Owens, Jr., Charles R. Carson*, for appellee.