A05A0587. GOODIN v. GWINNETT HEALTH SYSTEM, INC.
et al.
(615 SE2d 129)

BLACKBURN, Presiding Judge.

In this action for medical malpractice, Lisa Goodin appeals pro se the trial court's grant of the motions to dismiss filed by the appellees, Dr. Irene Ristic, Dr. Mahendra Shah, Gwinnett Health System, Inc. d/b/a Gwinnett Medical Center, and Summitridge Hospital d/b/a Gwinnett Health System, Inc. (the two hospitals collectively "Gwinnett"), arguing that the trial court erred in dismissing: (1) her complaint on the ground that she failed to comply with the expert affidavit requirement of OCGA § 9-11-9.1, and (2) her claim of false imprisonment because this claim is not subject to OCGA § 9-11-9.1. For the reasons that follow, we affirm.

1. After Goodin's involuntary commitment to a psychiatric care facility on January 5, 2002, she filed a pro se complaint against Ristic, Shah, and Gwinnett on January 2, 2004, alleging medical malpractice and false imprisonment. "OCGA § 9-11-9.1 requires a plaintiff to file with the complaint for professional negligence a legally valid affidavit." (Citation omitted.) *Harvey v. Kidney Center of Central Ga.*[1]

> A signed statement of facts, purporting to be the statement of the signer, followed by the *certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, is a lawful affidavit....* In the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with other evidence.

(Punctuation omitted; emphasis in original.) Id. A review of the record shows that the statement of Dr. Jule P. Miller filed by Goodin with her complaint did not bear a jurat. "Inasmuch as a writing in the form of an affidavit has no force or validity in the absence of a valid

---

[1] *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994).

jurat, the trial court did not err in ruling that [Goodin's] expert affidavit was invalid." (Punctuation omitted.) *Schmidt v. Feldman.*[2]

On March 31, 2004, Goodin attempted to resubmit her expert's affidavit. OCGA § 9-11-9.1 (d) further provides:

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed contemporaneously with its initial responsive pleading, that said affidavit is defective, the plaintiff's complaint is subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective.

Dr. Ristic filed her motion to dismiss for defective affidavit on January 26, 2004, Dr. Shah filed her motion to dismiss on February 12, 2004, and Gwinnett filed its motion to dismiss on February 13, 2004. Thus, Goodin's "resubmission of expert's affidavit" on March 31, 2004, was outside the 30-day cure period set forth in OCGA § 9-11-9.1 (d) and was, therefore, untimely. Although the trial court based its finding that the refiling was untimely on OCGA § 9-11-9.1 (b) rather than on OCGA § 9-11-9.1 (d), a judgment right for any reason must be affirmed. *Johnson v. Equicredit Corp.*[3]

2. Goodin argues that the trial court erred in dismissing her claim of false imprisonment because that claim, unlike a claim of medical malpractice, is not subject to the pleading requirements of OCGA § 9-11-9.1. We disagree.

OCGA § 9-11-9.1 "applies to any action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care. An action alleges professional malpractice when it calls into question the conduct of a professional in his area of expertise." (Punctuation and footnote omitted.) *Bradford v. Rossi.*[4]

Goodin's claim of false imprisonment centers around Dr. Shah's alleged inaccurate evaluation and misdiagnosis of Goodin's mental condition which led to her involuntary commitment and the institution of medical treatment and monitoring procedures. In characterizing the doctor's acts as false imprisonment, Goodin calls into

---

[2] *Schmidt v. Feldman*, 230 Ga. App. 500, 501 (1) (497 SE2d 23) (1998).

[3] *Johnson v. Equicredit Corp.*, 238 Ga. App. 380, 381 (1) (517 SE2d 353) (1999).

[4] *Bradford v. Rossi*, 249 Ga. App. 325, 326 (1) (548 SE2d 70) (2001).

question his conduct as a medical professional in his area of expertise, i.e., psychiatric evaluation. In other words, the gravamen of Goodin's claim of false imprisonment is that Dr. Shah injured her by holding her for treatment and observation rather than releasing her from the treatment facility. "Thus, [Goodin] essentially alleges that [Dr. Shah] provided inadequate medical care. In order to prove such allegation, [Goodin] must establish what would have constituted adequate medical care, which requires the knowledge of an expert." *Bradford*, supra. Accordingly, with respect to the claim of false imprisonment, Goodin's failure to file an expert affidavit warranted dismissal, and the trial court did not err in dismissing the complaint as to that claim. Id.

3. Goodin has not provided any citations to the record to support her remaining enumerations of error; thus, these enumerations of error are deemed abandoned. *Blackwell v. Goodwin*.[5]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED APRIL 12, 2005 —
RECONSIDERATION DENIED MAY 27, 2005.

Lisa Goodin, *pro se*.

*Hall, Booth, Smith & Slover, Ashley D. Phillips, Juaquin L. Feazell, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Margaret F. Blackwood, Owen, Gleaton, Egan, Jones & Sweeney, Frederick N. Gleaton*, for appellees.

---

[5] *Blackwell v. Goodwin*, 236 Ga. App. 861, 862 (1) (513 SE2d 542) (1999). See Court of Appeals Rule 25 (c) (2).