A06A1493. ABRAMSON et al. v. WILLIAMS et al.

(636 SE2d 765)

SMITH, Presiding Judge.

Mary Williams and her husband filed this medical malpractice action against Robert Abramson, M.D. and his professional corporation, Neurological Associates of Augusta, P.C., alleging that Dr. Abramson negligently failed to diagnose Mrs. Williams's broken hip during a neurosurgical consultation. Abramson and Neurological Associates moved to dismiss the complaint on the ground that the affidavit attached to it was from an orthopedist, Joseph C. Tatum, M.D., and that the affidavit was therefore insufficient as a matter of law under OCGA § 24-9-67.1. The trial court denied the motion to dismiss, and this appeal followed. We find no error and affirm.

The undisputed facts are as follows. On March 10, 2005, the Williamses filed a complaint alleging that Mrs. Williams's primary care physician called on Dr. Abramson, a neurologist, to perform a consultation concerning her complaints of pain in her back and left thigh. Dr. Abramson saw her first on March 20, 2003, and last on April 8, 2003. When Mrs. Williams's pain continued, she consulted a chiropractor, who diagnosed her on June 16, 2003, as having a fractured left hip. The Williamses' complaint alleged that Dr. Abramson and Neurological Associates negligently failed to diagnose the hip fracture. The Williamses attached to the complaint an affidavit from Dr. Tatum, a licensed orthopedist, in which he asserted that Dr. Abramson "failed to timely recognize and diagnose that [Mrs.] Williams was suffering from a fracture of the femur of her left hip." Dr. Tatum also avowed that Dr. Abramson's failure to examine Mrs. Williams adequately and failure to order x-rays "deviat[ed] from the standards of the medical profession generally under like or similar circumstances . . . result[ing] in increased pain in the left hip and leg, and contribut[ing] to the requirement for a total hip replacement."

Abramson and Neurological Associates moved to dismiss the complaint as defective under OCGA § 9-11-9.1 because Dr. Tatum's affidavit failed to comply with the expert testimony requirement of OCGA § 24-9-67.1.[1] The trial court ruled that the statute "does not . . .

---

[1] OCGA § 24-9-67.1 took effect on February 16, 2005, a few weeks before the complaint in this case was filed. See Ga. L. 2005, p. 1, § 7.

require that the plaintiff's expert be a member of the same specialty as the defendant doctor," and that Dr. Tatum's affidavit showed he had the requisite knowledge and experience to give his opinion on the alleged failure to diagnose. The trial court therefore denied the motion and certified the case for immediate review. We granted the Williamses' application for an interlocutory appeal.

"[A] motion to dismiss for an insufficient affidavit under [OCGA] § 9-11-9.1 is a motion to dismiss for failure to state a claim under [OCGA] § 9-11-12 (b) (6)." *Hewett v. Kalish*, 264 Ga. 183, 185 (1) (442 SE2d 233) (1994). A trial court may grant such a motion only where the affidavit attached to the complaint "discloses with certainty that the plaintiff would not be entitled to relief under any state of provable facts." (Punctuation omitted.) Id. at 186 (2). Accepting the allegations of the plaintiffs' complaint and affidavit as true, we review the trial court's application of OCGA § 24-9-67.1 to these facts de novo. *Tenet Healthcare Corp. v. Gilbert*, 277 Ga. App. 895, 898 (2) (627 SE2d 821) (2006).

OCGA § 24-9-67.1 (c) (2) reads in relevant part:

> [I]n professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert . . . [,] [i]n the case of a medical malpractice action, had *actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given.*

(Emphasis supplied.)

Dr. Abramson argues that Dr. Tatum could not have "actual professional knowledge and experience in the area of practice or specialty in which [his] opinion [was] given," as required by OCGA § 24-9-67.1 (c) (2), because as an orthopedist, he is not competent to judge Dr. Abramson's performance as a neurosurgeon called in for a neurosurgical consultation. In an unrelated case, however, we recently considered and rejected Dr. Abramson's argument under similar circumstances.

In *Cotten v. Phillips*, 280 Ga. App. 280 (633 SE2d 655) (2006), this court held that the trial court did not err in admitting testimony by a vascular surgeon concerning an orthopedist's failure to assess the vascular issues incident to a plaintiff's knee replacement surgery. We began by quoting the trial court's reasoning:

> It appears that the legislature has allowed for an overlap in specialties, whereby an otherwise qualified medical doctor

> belonging to Specialty A can render an opinion about the acts or omissions of another medical doctor belonging to Specialty B — so long as the opinion of the expert witness belonging to Specialty A pertains to Specialty A.

(Punctuation omitted.) Id. at 283. We also noted that although other states have required that expert witnesses and defendant doctors have the same specialty, the Georgia General Assembly considered and rejected just such a version of OCGA § 24-9-67.1. Id. at 284-285. And we noted the legislature's intent to follow federal practice on the issue as developed in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993), and its progeny. "[U]nder *Daubert*, disputes as to an expert's credentials are properly explored through cross-examination at trial and go to the weight and credibility of the testimony, not its admissibility." (Citations and footnote omitted.) Id. at 286. We therefore held in *Cotten* that the trial court did not abuse its discretion in admitting the testimony of the vascular surgeon concerning the performance of the orthopedist. Id. at 287.

This case involves the construction of OCGA § 24-9-67.1, not the review of a trial court's discretionary decision to admit or exclude evidence at trial. But even under the de novo review required on questions such as this, we conclude that the statutory "area of practice or specialty in which the opinion is to be given" is dictated not by the apparent expertise of the treating physician, but rather by the allegations of the complaint concerning the plaintiff's injury. The statute contemplates that "the expert may very well have a different area of practice than the defendant doctor." *Cotten*, supra at 285. It is thus the expert's qualifications, and not the defendant doctor's area of practice, that control the admissibility of the expert's testimony. Id.

Dr. Tatum is qualified to give an opinion on the orthopedic issues presented in this case, and under OCGA § 24-9-67.1 (c) (2), he thus has the requisite "knowledge and experience in the area of practice or specialty in which the opinion is given." OCGA § 24-9-67.1 therefore authorizes Dr. Tatum to render an expert opinion in the case. Because we cannot say, assuming that the allegations of Dr. Tatum's affidavit are true, that Williams is not entitled to relief under any state of provable facts, we conclude that the trial court correctly denied the motion to dismiss.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

*Hull, Towill, Norman, Barrett & Salley, James V. Painter, Alana R. Kyriakakis*, for appellants.

*Blasingame, Burch, Garrard & Ashley, Gary B. Blasingame, Andrew J. Hill III*, for appellees.

*Huff, Powell & Bailey, Daniel J. Huff, J. Marcus Edward Howard*, amici curiae.