A09A1917. CRAIGO et al. v. AZIZI et al.

(687 SE2d 198)

MIKELL, Judge.

    Deborah and Robert Craigo sued Dr. Mohammad Daud Azizi and his employer, Gwinnett Anesthesia Services, P.C. (defendants), for medical malpractice and loss of consortium. The Craigos alleged that on October 16, 2006, Dr. Azizi served as the anesthesiologist when Deborah Craigo underwent orthopedic surgery; that Dr. Azizi administered a general anesthetic to Ms. Craigo and then, while she was under general anesthesia, performed an interscalene nerve block; and that by administering the general anesthetic prior to performing the nerve block, Dr. Azizi breached the standard of care and caused Ms. Craigo injury. The Craigos supported their complaint with an affidavit from Dr. Jeff C. Gadsden, an anesthesiologist, who opined that Dr. Azizi had deviated from the acceptable standard of care in administering the nerve block to Ms. Craigo while she was under a general anesthetic; and that this deviation from the standard of care resulted in the injury of which she complained, paralysis of the right hemidiaphragm.

    Defendants answered and filed a motion to dismiss, claiming that the affidavit was insufficient under OCGA § 9-11-9.1 because Dr. Gadsden was not qualified under OCGA § 24-9-67.1. In opposition to the motion to dismiss, the Craigos filed an amended affidavit

from Dr. Gadsden. The motion was set down by rule nisi for a hearing. At the hearing, the trial court heard oral argument, but no evidence was offered or admitted. After the hearing, the trial court granted defendants' motion to dismiss, and the Craigos appeal. We conclude that the trial court did not err in determining that Dr. Gadsden did not meet the expert-witness qualification requirements set forth in OCGA § 24-9-67.1. Accordingly, we affirm the dismissal of the Craigos' complaint.

1. Under OCGA § 9-11-9.1 (a), the plaintiff in a professional malpractice action is required to attach to the complaint the affidavit of an expert "setting out the act of negligence underlying [the] claim."[1] The expert providing the affidavit must meet the requirements for an expert witness set forth in OCGA § 24-9-67.1.[2] Where the affiant fails to meet those requirements, the affidavit is insufficient; and the complaint is subject to dismissal.[3] "Usually dismissals are subject to de novo review. But the interplay of the two Code sections means that, when the trial court has had the hearing contemplated by OCGA § 24-9-67.1 (d) as in this case, our review determines only whether the trial court has abused its discretion."[4]

Here, the Craigos filed an amended affidavit in response to defendants' motion to dismiss; and a hearing on the issue of Dr. Gadsden's qualifications was held on February 19, 2009. The Craigos thus had ample opportunity to submit evidence to show that their expert was qualified under OCGA § 24-9-67.1. As we pointed out in *Spacht*, OCGA § 24-9-67.1 "gives the trial judge the discretion to determine whether the purported expert is competent to testify."[5] We conclude that the abuse-of-discretion standard applies in this case, and we will affirm the trial court's ruling concerning the sufficiency of the expert's qualifications unless the trial court abused its discretion in making the ruling.[6]

Citing *Houston v. Phoebe Putney Mem. Hosp.*,[7] the Craigos argue that the trial court may grant a motion to dismiss only if the amended affidavit "disclose[s] with certainty that the plaintiff would not be entitled to relief under any state of provable facts,"[8] and that

[1] *Thomas v. Gastroenterology Assoc. of Gainesville*, 280 Ga. 698, 699 (632 SE2d 118) (2006), citing OCGA § 9-11-9.1.

[2] OCGA § 24-9-67.1 (e); *Allen v. Family Med. Center*, 287 Ga. App. 522, 525-526 (2) (652 SE2d 173) (2007).

[3] OCGA § 9-11-9.1 (e); *Akers v. Elsey*, 294 Ga. App. 359, 361 (1) (670 SE2d 142) (2008).

[4] (Footnotes omitted.) *Spacht v. Troyer*, 288 Ga. App. 898-899 (1) (655 SE2d 656) (2007) (whole court). Accord *Nathans v. Diamond*, 282 Ga. 804, 807 (1), n. 8 (654 SE2d 121) (2007).

[5] *Spacht*, supra at 901 (3).

[6] See *Nathans*, supra.

[7] 295 Ga. App. 674 (673 SE2d 54) (2009).

[8] Id. at 677 (1). Accord *Abramson v. Williams*, 281 Ga. App. 617, 618 (636 SE2d 765) (2006).

the trial court's ruling is subject to de novo review.[9] The Craigos' reliance on *Houston* is misplaced. In that case, the trial court granted the defendants' motion to dismiss without any hearing on the sufficiency of the affidavit.[10] Thus, the procedural posture in *Houston* differed from that in the case at bar.[11]

The law in Georgia regarding affidavits in medical malpractice cases is at this moment crystal clear. One set of rules applies when the expert's competency is challenged and a hearing *is* held; a different set of rules governs the trial court's evaluation of the affidavit when the expert's competency is challenged and *no* hearing is held. Similarly, the standard of appellate review differs depending on whether the trial court had a hearing on the issue of the expert's competency. It is irrelevant whether or not evidence was offered at the hearing.

If there is a hearing on the expert's competence, the trial judge weighs the evidence in the plaintiff's witness's affidavit, or in the competing affidavits, and decides "whether the witness qualifies as an expert and whether the expert's testimony satisfies the requirements of subsections (a) and (b) of [OCGA § 24-9-67.1]."[12] When such a hearing has taken place, the trial court's decision is reviewed on appeal for abuse of discretion.[13]

By contrast, a different standard of review applies at present where a trial court rules on a motion to dismiss on the grounds of the expert's incompetency *without* holding a hearing. Beginning with our Supreme Court's guidance in *Hewett v. Kalish*[14] and continuing to recent decisions of our Court,[15] a line of cases holds that "notice pleading" rules guide the trial court's determination and that the motion to dismiss should not be granted unless the plaintiff's affidavit "disclose[s] with certainty that the plaintiff would not be

---

[9] *Houston*, supra at 678 (1). Accord *Abramson*, supra.

[10] *Houston*, supra at 676, 678 (1), n. 2, citing *Spacht*, supra at 898-899 (1).

[11] *Houston*, supra at 678 (1), n. 2.

[12] OCGA § 24-9-67.1 (d). See generally *Gadd v. Wilson & Co.*, 262 Ga. 234, 235 (416 SE2d 285) (1992) (the purpose of the affidavit requirement of OCGA § 9-11-9.1 is "to reduce the number of frivolous malpractice suits being filed") (punctuation omitted), citing *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989).

[13] *Spacht*, supra. Our whole-court decision in *Spacht* referenced and relied upon our Supreme Court's decision in *Nathans*, supra, in concluding that, because "the trial court is the gatekeeper of expert testimony[,] OCGA § 24-9-67.1 . . . gives the trial judge the discretion to determine whether the purported expert is competent to testify." (Footnote omitted.) Id. at 901 (3), citing *Nathans*, supra. See also *MCG Health v. Barton*, 285 Ga. App. 577, 580 (1) (647 SE2d 81) (2007) (applying abuse-of-discretion standard in reviewing trial court's denial of defendant's motion to exclude testimony of plaintiff's medical expert); *Mays v. Ellis*, 283 Ga. App. 195, 199 (1) (b) (641 SE2d 201) (2007) (same); *Cotten v. Phillips*, 280 Ga. App. 280, 283 (633 SE2d 655) (2006) (same).

[14] 264 Ga. 183 (442 SE2d 233) (1994).

[15] E.g., *Houston*, supra; *Abramson*, supra.

entitled to relief under any state of provable facts."[16] As usual in applying "notice pleading" rules, the affidavit may contain conclusions.[17] The standard of review on appeal is de novo.[18]

Implicit in "notice pleading" rules, as first adopted in the Federal Rules of Civil Procedure of 1938, was the idea that the pleading would put the opposing party on notice of the general nature of the claim; the details of the claim would be fleshed out subsequently through discovery.[19] The issue of whether "notice pleading" rules still apply in the absence of a hearing as contemplated by OCGA § 24-9-67.1 (d) is not before us today, and we do not decide whether the line of cases applying "notice pleading" rules has been overruled by implication by the detailed evidentiary requirements of OCGA § 24-9-67.1.[20]

2. We now turn to the issue of whether the trial court abused its discretion in determining that Dr. Gadsden was not qualified under OCGA § 24-9-67.1 to testify as an expert by means of the affidavit required under OCGA § 9-11-9.1. OCGA § 24-9-67.1 (c) provides that an expert is competent to offer his opinion on the standard of care only if, at the time of the alleged negligent act, the expert meets two criteria: he must have been licensed, as required by OCGA § 24-9-67.1 (c) (1); and he must have had appropriate recent experience in the specialty in which the negligence allegedly occurred, as required by OCGA § 24-9-67.1 (c) (2).

We first address the second requirement, the "actual professional knowledge and experience" required of an expert witness

---

[16] (Punctuation omitted.) *Hewett*, supra at 184 (1). Accord *Houston*, supra at 677 (1); *Abramson*, supra.

[17] *Hewett*, supra at 184, citing *Ledford v. Meyer*, 249 Ga. 407, 408-409 (2) (290 SE2d 908) (1982) (under Civil Practice Act, conclusions contained in defamation complaint did not render complaint subject to dismissal for failure to state a claim upon which relief can be granted).

[18] E.g., *Houston*, supra (de novo standard applied where no pretrial hearing as contemplated by OCGA § 24-9-67.1 (d) was held).

[19] See Fed. R. Civ. P. Rule 8 (a) (2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); 2 Moore's Federal Practice § 8.02 ("Although [Fed. R. Civ. P.] Rule 8 mandates 'simple, concise, and direct' pleadings, the short and plain statements of the pleadings are developed in more factual detail by using the pre-trial processes of disclosure and discovery that are set forth in Rules 26 through 37") (footnotes omitted).

[20] One difficulty with a holding that the trial court's determination should be based on "notice pleading" rather than the trial court's weighing of evidence is that any determination of the expert's competence may, if the trial court wishes, be deferred until the trial itself. OCGA § 9-11-12 (d) allows the court to order "that the hearing and determination . . . be deferred until the trial." OCGA § 24-9-67.1 (d) provides that "the court *may* hold a pretrial hearing to determine whether the witness qualifies as an expert." (Emphasis supplied.) The verb "may" implies discretion, rather than mandate. But see *Hewett*, supra at 184-185 (1) (where, under pleading rules, affidavit is found sufficient to prevent dismissal of plaintiff's complaint, defendant may then seek hearing to present evidence of lack of qualification of plaintiff's expert).

under OCGA § 24-9-67.1 (c) (2). As applicable to the case before us, this Code section provides that the opinions of experts in medical malpractice cases are admissible only if the expert had

> actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in: . . .
>
> (A) The *active practice* of such area of specialty . . . for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure . . . which is alleged to have been performed . . . negligently by the defendant whose conduct is at issue.[21]

Dr. Gadsden's amended affidavit and his curriculum vitae, taken together, show that after receiving his medical degree and completing a three-year general internship, he was a resident physician in anesthesiology at St. Luke's Hospital Center in New York from 2002 to 2005. In his amended affidavit, Dr. Gadsden estimated that he had "personally performed no fewer than 800 interscalene blocks and [had] performed an average of 150 interscalene blocks each year since 2002."

The trial court ruled that this testimony was inadequate to show that Dr. Gadsden was engaged in the "active practice"[22] of anesthesiology during three of the five years preceding October 16, 2006, the date of the alleged injury. The judge reasoned that Dr. Gadsden's work as an anesthesiology resident (rather than an attending physician) during the crucial three years from 2002 to 2005 did not constitute the "active practice" of the profession. The parties have cited no authority on this issue, and we have found none. We conclude, however, that years spent as a resident physician can count as years of "active practice" for purposes of OCGA § 24-9-67.1 (c) (2) (A). Thus, once Gadsden received his medical degree and embarked upon his residency in anesthesiology, he was engaged in the "active practice of such area of specialty" within the meaning of OCGA § 24-9-67.1 (c) (2) (A). Further, Dr. Gadsden's affidavit demonstrates that he performed interscalene blocks "with sufficient frequency to establish an appropriate level of knowledge . . . in performing the procedure."[23] Accordingly, the trial court abused its discretion to the extent it determined that Dr. Gadsden did not meet

---

[21] (Emphasis supplied.) OCGA § 24-9-67.1 (c) (2) (A). See *Akers*, supra at 361-362 (2), citing *Nathans*, supra at 806 (1).

[22] OCGA § 24-9-67.1 (c) (2) (A).

[23] Id.

the "active practice" requirements of OCGA § 24-9-67.1 (c) (2) (A).

3. Our ruling in Division 2 above, however, does not require reversal of the dismissal of the Craigos' complaint, because the evidence shows that Dr. Gadsden did not meet the licensing requirement for expert witnesses. OCGA § 24-9-67.1 (c) (1) requires that the expert must have been "licensed by an appropriate regulatory agency to practice his . . . profession in the *state* in which such expert was practicing . . . in the profession"[24] at the time the negligent act is alleged to have occurred.

Although his amended affidavit indicated that Dr. Gadsden held a medical license from Pennsylvania on the date of the alleged negligent act, there is no evidence that he was practicing in that state, as required by the statute; and the Craigos concede that Dr. Gadsden was not actually practicing in Pennsylvania in October 2006. Instead, Dr. Gadsden's testimony indicates that he was practicing medicine in Australia at that time. His curriculum vitae shows that he held a medical license issued by Queensland, Australia, from 2005-2006; and in his amended affidavit he averred that he practiced medicine as a "Consultant Anesthesiologist" (equivalent to an attending physician in the United States) at Gold Coast Hospital in Gold Coast, Australia, from November 2005 through November 2006.

The trial court ruled that the evidence presented in Dr. Gadsden's amended affidavit and curriculum vitae was insufficient to show whether Gold Coast (where Dr. Gadsden was practicing) was located within Queensland (where he was licensed). Pretermitting the issue of whether Dr. Gadsden was practicing in the same jurisdiction where he was licensed, we must first determine whether an expert licensed and practicing in a jurisdiction outside the United States meets the requirement that the expert witness be "licensed . . . to practice . . . in the *state* in which such expert was practicing"[25] at the time the alleged negligence occurred. The issue of the meaning of the term "state" involves the statutory construction of OCGA § 24-9-67.1 (c) (1), rather than the review of a trial court's discretionary determination of an expert's qualifications; therefore, our review of this issue is de novo.[26]

The parties have not cited, and we have not found, any Georgia authority discussing the scope of the term "state" as used in OCGA § 24-9-67.1 (c) (1). We hold that in order to comply with the licensing requirement of OCGA § 24-9-67.1 (c) (1), an expert in a

---

[24] (Emphasis supplied.)
[25] (Emphasis supplied.) OCGA § 24-9-67.1 (c) (1).
[26] *Abramson*, supra at 619.

professional malpractice action must be licensed and practicing (or teaching) in one of the states of the United States at the time the alleged negligent act occurred.

Consequently, because a judgment right for any reason will be affirmed,[27] we conclude that the trial court did not err in ruling that Dr. Gadsden did not meet the expert-witness qualifications set forth in OCGA § 24-9-67.1 (c) (1), and we affirm the trial court's dismissal of the Craigos' complaint.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

### DECIDED NOVEMBER 19, 2009.

*Kaplan & Lukowski, Ronald I. Kaplan, Jay D. Lukowski*, for appellants.

*Carlock, Copeland & Stair, Wade K. Copeland, Ashley E. Sexton*, for appellees.

---

[27] *Goodin v. Gwinnett Health System*, 273 Ga. App. 461, 462 (1) (615 SE2d 129) (2005).