A10A0425. CAGLE et al v. EHIRIM et al.
(696 SE2d 438)

DOYLE, Judge.

Tony and Melanie Cagle appeal from the trial court's order dismissing their medical malpractice action pursuant to OCGA § 9-11-9.1 (e) on the basis that their affiant was not competent to testify as an expert, rendering insufficient the statutorily required professional malpractice affidavit. The Cagles argue that the trial court erred by finding that an expert must be licensed to practice in the United States in order to satisfy the requirements of OCGA § 24-9-67.1 (c) (1) and, thereby, the affidavit requirements of OCGA § 9-11-9.1 (a). Finding no error, we affirm.

The Cagles filed a medical malpractice action against Dr. Princewill Ehirim and North Georgia Neurosurgical Associates, P.C. ("Ehirim"), attaching the affidavit of Dr. Ludwig Auer, a neurosurgeon licensed to practice in that field in Great Britain, Austria, Germany, and India. Ehirim filed a motion to dismiss the complaint, claiming, among other things, that Dr. Auer's professional malpractice affidavit was insufficient to comply with OCGA § 9-11-9.1 (a) because he was not licensed to practice medicine in the United States and, thus, was incompetent to offer his expert opinion as to any professional malpractice under OCGA § 24-9-67.1 (c). The trial court concluded that the applicable statutory language of OCGA § 24-9-67.1

(c) (1) — "an expert [opinion] shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert . . . [w]as licensed by an appropriate regulatory agency to practice his or her profession in the *state* in which such expert was practicing or teaching in the profession at such time . . ."[1] — required licensure in a state of the United States and did not include experts licensed by foreign bodies.

In their single enumeration of error on appeal, the Cagles contend that the trial court erred in finding that Dr. Auer's affidavit was insufficient to meet the requirements of OCGA § 9-11-9.1 (a) because he was not licensed to practice medicine in the United States. We disagree.

> Under OCGA § 9-11-9.1 (a), the plaintiff in a professional malpractice action is required to attach to the complaint the affidavit of an expert setting out the act of negligence underlying the claim. The expert providing the affidavit must meet the requirements for an expert witness set forth in OCGA § 24-9-67.1.[2] [If] the affiant fails to meet those requirements, the affidavit is insufficient; and the complaint is subject to dismissal.[3]

Subsequent to the trial court's entry of its order, this Court addressed the construction of "state" in the statute, holding that "in order to comply with the licensing requirement of OCGA § 24-9-67.1 (c) (1), an expert in a professional malpractice action must be licensed and practicing (or teaching) in one of the states of the United States at the time the alleged negligent act occurred."[4] Accordingly, the Cagles have not shown that the trial court erred by concluding that their expert affidavit was insufficient or by dismissing their medical malpractice action on that basis.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 17, 2010.

*Robert C. Koski*, for appellants.

---

[1] (Emphasis supplied.)

[2] See OCGA § 24-9-67.1 (e).

[3] (Punctuation and footnotes omitted.) *Craigo v. Azizi*, 301 Ga. App. 181, 182 (1) (687 SE2d 198) (2009).

[4] Id. at 186-187 (3).

*Anderson, Tate & Carr, Thomas T. Tate, Paul E. Weathington, Charles M. Smith, Wayne D. Toth*, for appellees.