### A09A2049. BALL v. JONES et al.
(687 SE2d 625)

JOHNSON, Presiding Judge.

After the death of Louise Nedd on August 4, 2006, her son and Cynthia Jones, as the trustee of Nedd's estate (collectively, the "Plaintiffs"), sued approximately 50 entities and individuals, including Karla Ball, alleging that they negligently treated Nedd while she was a hospital patient and nursing home resident. In support of their

---

professional malpractice claim against Ball and pursuant to OCGA § 9-11-9.1 (a), the Plaintiffs filed an expert affidavit signed by Michelle Huey, a registered nurse, in which Huey opined that Ball failed to meet the standard of care for nurses in Georgia during her treatment of Nedd. Ball filed a motion to dismiss, claiming that Huey was not qualified to provide an expert affidavit as to her treatment of Nedd because Ball was not a nurse, but instead was a licensed physical therapist. After the trial court denied her motion, Ball filed a motion for interlocutory appeal, which we granted. For the reasons that follow, we reverse.

A motion to dismiss for an insufficient affidavit under OCGA § 9-11-9.1 is equivalent to a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6).[1] Accepting the allegations of the Plaintiffs' pleadings and affidavit as true, we review the trial court's application of OCGA § 24-9-67.1 to these facts de novo.[2]

So viewed, the record shows that Nedd, who was 85 years old, was admitted to St. Joseph's Candler Hospital on March 17, 2006, after she fell at her home. On March 21, 2006, Ball, who worked at the Hospital, provided Nedd with instruction on her physical therapy plan of care and goals, as well as on "basics" and "pain." After physicians recommended that Nedd be admitted to a nursing home for continued pain management and rehabilitation, she was discharged from the Hospital on March 24, 2006.

Over the next several months, Nedd was treated on various dates at both the Hospital as well as at Savannah Specialty Care Center Nursing Home for, among other things, numerous skin infections and pneumonia. The Plaintiffs do not allege, however, that she was seen again by Ball. Nedd died on August 4, 2006 after suffering circulatory collapse due to septicemia.

In her expert affidavit, which was filed by the Plaintiffs pursuant to OCGA § 9-11-9.1, Huey acknowledged that Ball is a "therapist," but Huey asserted that she was qualified by her education and experience as a nurse "to provide an opinion regarding the general treatment of a patient by any health care provider who is aware of a patient's issues and care plan needs." Similarly, in their response to Ball's motion to dismiss, the Plaintiffs admitted that Ball was a physical therapist, but averred that Huey's knowledge and experience were sufficient to allow her to provide an opinion as to Ball's alleged professional negligence. Such an argument, however, is not supported by the language of the statute.

---

[1] *Abramson v. Williams*, 281 Ga. App. 617, 618 (636 SE2d 765) (2006).

[2] Id.

YALE LAW LIBRARY

OCGA § 24-9-67.1 (c) provides, in relevant part:

> . . . In professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert:
>
> (1) [Is properly licensed]; and
>
> (2) In the case of a medical malpractice action, had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:
>
> (A) The active practice of such area of specialty of his or her profession for at least three of the last five years . . . ; or
>
> (B) The teaching of his or her profession for at least three of the last five years . . . ; and
>
> (C) Except as provided in subparagraph (D) of this paragraph:
>
> (i) Is a member of the same profession;
>
> (ii) Is a medical doctor testifying [under certain conditions]; or
>
> (iii) Is a doctor of osteopathy testifying [under certain conditions]; and
>
> (D) Notwithstanding any other provision of this Code section, an expert who is a physician and [as a result of certain experience in supervising, teaching, or instructing other health care professionals including both "nurses" and "physical therapists,"] has knowledge of the standard of care of that health care provider under the circumstances at issue[,] shall be competent to testify as to the standard of that health care provider. . . .

The General Assembly's use of the word "or" between subparagraphs (2) (A) and (2) (B), followed by its use of the word "and" between subparagraphs (2) (B) and (2) (C), indicates that a medical expert must show either "active practice" or "teaching" for "at least three of the last five years," but that whichever of these may be the case, the expert (unless he or she is a physician meeting the requirements of subparagraphs (2) (C) (ii) or (iii) or subparagraph (2) (D)) must also be "a member of the same profession" as the person whose performance he or she is evaluating.[3]

---

[3] *Smith v. Harris*, 294 Ga. App. 333, 337 (1) (670 SE2d 136) (2008).

Given that OCGA § 9-11-9.1 (g) explicitly categorizes nurses and physical therapists as practicing separate professions, and because an expert must meet the conditions of OCGA § 24-9-67.1 in order to provide an OCGA § 9-11-9.1 affidavit,[4] the trial court erred in concluding that Huey was qualified to provide an expert affidavit regarding the standard of care required of Ball. Because the Plaintiffs were required to file a proper affidavit in order to pursue their professional malpractice claim against Ball, the trial court erred in failing to grant Ball's motion to dismiss that claim.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED NOVEMBER 30, 2009.

*Thomas E. Lavender III*, for appellant.

*Brennan & Wasden, Wiley A. Wasden III, Tracie G. Smith, Arnall, Golden & Gregory, Glenn P. Hendrix, Robert T. Strang III, Swift, Currie, McGhee & Hiers, James D. Johnson, H. Lehman Franklin, Jr.*, for appellees.