**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 16, 2013**

# In the Court of Appeals of Georgia

A12A1885. BACON COUNTY HOSPITAL & HEALTH SYSTEM
et al. v. WHITLEY.

ANDREWS, Presiding Judge.

Following our grant of an interlocutory appeal, Bacon County Hospital & Health System, Bacon County Health Services, Inc., Bacon County Rehabilitation Center, Susan Byrd, and Jane Doe[1] (collectively "the Bacon County Defendants") appeal the trial court's denial of their motion to dismiss Whitley's medical malpractice complaint. The Bacon County defendants contend the trial court erred by denying their motion to dismiss the complaint because the qualifications of Whitley's expert did not satisfy the criteria of OCGA § 9-11-9.1 and OCGA § 24-9-67.1 (c). Because we find that the trial court abused its discretion by concluding that a

---

[1] The complaint alleged that Byrd and Doe were negligent and that the other defendants were liable under the theory of respondeat superior.

chiropractor was qualified to testify about the standard of care of a physical therapist, we reverse the trial court and remand the case to the trial court with direction to grant the motion and dismiss the complaint.

We usually review a trial court's order on a motion to dismiss de novo. *Akers v. Elsey*, 294 Ga. App. 359, 361 (1) (670 SE2d 142) (2008). "But the interplay of OCGA §§ 24-9-67.1 and 9-11-9.1 means that, when the trial court has had [a] hearing . . . as in this case, our review determines only whether the trial court has abused its discretion." (Punctuation omitted.) Id.; see also *Vaughan v. WellStar Health System*, 304 Ga. App. 596, 600-601 (2) (696 SE2d 506) (2010). "The penalty for failure to supply a proper affidavit per OCGA § 9-11-9.1 is dismissal. " *Akers v. Elsey*, supra, 294 Ga. App. at 361 (1).

Ms. Whitley's complaint alleges that after she sought treatment at the Bacon County Rehabilitation Center for a severe ankle injury, physical therapists Susan Byrd and Jane Doe administered electrostimulation therapy to her ankle. According to Ms. Whitley's complaint, the therapy was performed negligently; constituted medical malpractice; and caused pain, disfigurement, and permanent disability. In accordance with OCGA § 9-11-9.1, Ms. Whitley submitted an affidavit from an expert to support her claim. Her expert, Dr. Michael Siefman, a chiropractor licensed

2

in the State of Florida, testified that Ms. Byrd, a physical therapist, deviated from the professional standard of care of physical therapy in administering the electrostimulation therapy to Ms. Whitley.

The Bacon County defendants answered the complaint, denied liability, and asserted that Dr. Siefman's affidavit failed to satisfy the expert affidavit requirements of OCGA § 9-11-9.1 and OCGA § 24-9-67.1. Contemporaneously they moved to dismiss the complaint, contending that because Dr. Siefman practices as a chiropractor, rather than a physical therapist, he is not qualified to offer an expert opinion in this case.

Ms. Whitley responded with an amended affidavit from Dr. Siefman that further explained his qualifications and experience. The trial court held a hearing on the applicants' motion to dismiss. After reviewing the matter, the trial court denied the motion, but issued a certificate of immediate review. This appeal followed.

Pursuant to OCGA § 9-11-9.1 (a), a plaintiff asserting a claim for medical malpractice must "file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Further, to qualify as a competent expert in a medical malpractice case, the expert must satisfy

the requirements of OCGA § 24-9-67.1 (c), which sets forth specific criteria governing the qualifications of experts in medical negligence actions.

OCGA § 24-9-67.1 (c) provides:

Notwithstanding the provisions of subsection (b) of this Code section and any other provision of law which might be construed to the contrary, in professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert:

(1) Was licensed by an appropriate regulatory agency to practice his or her profession in the state in which such expert was practicing or teaching in the profession at such time; and

(2) In the case of a medical malpractice action, had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:

(A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; or

4

(B) The teaching of his or her profession for at least three of the last five years as an employed member of the faculty of an educational institution accredited in the teaching of such profession, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in teaching others how to perform the procedure, diagnose the condition, or render the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; and

(C) Except as provided in subparagraph (D) of this paragraph:

(i) Is a member of the same profession;

(ii) Is a medical doctor testifying as to the standard of care of a defendant who is a doctor of osteopathy; or

(iii) Is a doctor of osteopathy testifying as to the standard of care of a defendant who is a medical doctor; and

(D) Notwithstanding any other provision of this Code section, an expert who is a physician and, as a result of having, during at least three of the last five years immediately preceding the time the act or omission is alleged to have occurred, supervised, taught, or instructed nurses, nurse practitioners, certified registered nurse anesthetists, nurse midwives, physician assistants, physical therapists, occupational therapists, or medical support staff, has knowledge of the standard of care of that health care provider under the circumstances at issue shall be competent

5

to testify as to the standard of that health care provider. However, a nurse, nurse practitioner, certified registered nurse anesthetist, nurse midwife, physician assistant, physical therapist, occupational therapist, or medical support staff shall not be competent to testify as to the standard of care of a physician.

The Bacon County defendants contend that because Dr. Siefman is a chiropractor and not a physical therapist, he does not meet the "same profession" requirement of OCGA § 24-9-67.1 (c) (2) (C) (i) and thus cannot give expert testimony in this case. They rely upon *Ball v. Jones*, 301 Ga. App. 340, 343 (687 SE2d 625) (2009), in which we found that a nurse cannot give expert testimony against a physical therapist because they practice separate professions, and *Postell v. Hankla*, 317 Ga. App. 86, 89 (1) (728 SE2d 886) (2012), in which this Court recently held that a medical doctor was not competent to testify about the standard of care in a medical malpractice case involving a nurse midwife. They further note that OCGA § 9-11-9.1 (g) (5) and (17) categorize chiropractors and physical therapists as engaged in different professions. See *Ball v. Jones*, supra, 301 Ga. App. at 343 ("OCGA § 9-11-9.1 (g) explicitly categorizes nurses and physical therapists as practicing separate professions.").

Ms. Whitley responds, however, that Florida – the state where Dr. Siefman practices – does not view the two professions separately. In his amended affidavit, Dr. Siefman testified that his Florida chiropractic license authorizes him to practice in the area of physical therapy. Florida law supports this general claim. Under Fla. Stat. § 460.403 (9) (c) (1), a licensed chiropractor may practice physiotherapy, which is "deemed identical and interchangeable" with physical therapy. Fla. Stat. § 486.021 (8). Florida chiropractors may also utilize electronic treatments. See Fla. Stat. § 460.403 (9) (c) (1). Dr. Siefman further testified that, as allowed by his chiropractic license, he has practiced in the area of physical therapy since July 2001, and, within that practice, has treated patients with electrostimulation therapy for at least ten years. Based on this evidence, Ms. Whitley argues that Dr. Siefman practiced in the same profession as the physical therapists named in the suit at the time of the alleged negligence. In effect, Ms. Whitley argues that because Dr. Siefman met the "active practice" requirement found in OCGA § 24-9-67.1 (c) (2) (A), he is competent to testify notwithstanding the requirements of OCGA § 24-9-67.1 (c) (2) (C) (i) that he be of the same profession as the physical therapist in this case.

The trial court apparently determined that, because Dr. Siefman, as a chiropractor, has performed physical therapy treatments for many years, has been

trained in physical therapy, and is licensed as a physical therapist in states other than Florida[2], he is a member of the "same profession" as the defendant physical therapists. We cannot agree.

As this Court recently again explained,

the word "or" connecting subparagraphs (2) (A) and (2) (B), followed by the word "and" connecting subparagraphs (2) (B) and (2) (C), means that "a medical expert must show either 'active practice' or 'teaching' for 'at least three of the last five years,' but that whichever of these may be the case, the expert must also be 'a member of the same profession' as the person whose performance he is evaluating."[ *Smith v. Harris*, 294 Ga. App. 333, 336-337 (1) (670 SE2d 136) (2008) (trial court abused its discretion in allowing pharmacist to testify concerning defendant medical doctor's violations of physician's standard of care). Accord [*Hankla v. Jackson*, 305 Ga. App. 391, 396 (2) (a) (699 SE2d 610) (2010) (trial court erred by allowing biomechanical engineer expert to comment, even indirectly, on whether defendant nurse midwife's actions breached standard of care). See also *Ball v. Jones*, 301 Ga. App. 340, 343 (687 SE2d 625) (2009) (nurse was not qualified under OCGA § 24-9-67.1 to give expert affidavit regarding standard of care of physical therapist).] If the expert is not a member of the same

---

[2] Dr. Siefman is a licensed physical therapist in Colorado and Indiana, but he apparently has not practiced in those states sufficient to meet the requirements of OCGA § 24-9-67.1 (c) (2) (A).

> profession, then the expert must qualify under subparagraph (D) in order
> to testify against the defendant provider.

(Footnote omitted.) *Postell v. Hankla*, supra, 317 Ga. App. at 88 (1). Thus, we held that a physician who did not satisfy the criteria of OCGA § 24-9-67.1 (c) (2) (D), was not competent to testify against a nurse midwife because medical doctors are in a separate profession from nurses. OCGA § 9-11-9.1 (g) (11) and (12); *Postell v. Hankla*, supra, 317 Ga. App. at 89.

Moreover, even under Florida law chiropractic medicine and physical therapy are not the same professions. Although the occupations clearly have some overlap in activities, they are defined differently, are governed by different regulatory boards, and are subject to different licensing requirements. Compare Fla. Stat. § 460.403 et seq. (statutory provisions governing chiropractic medicine) and Fla. Stat. § 486.021 et seq. (statutory provisions governing the practice of physical therapy). In other words, a chiropractor is not a physical therapist. Fla. Stat. § 486.021 (5) ("'Physical therapist' means a person who is licensed and who practices physical therapy in accordance with the provisions of this chapter [governing physical therapy practice]) ; Fla. Stat. § 460.403 (5) ("'Chiropractic physician' means any person licensed to practice chiropractic medicine pursuant to this chapter.")

Thus, the fact remains that at the time of the alleged negligence, Dr. Siefman practiced as a Florida chiropractor, not a physical therapist. And despite certain overlap between the professions, both Georgia and Florida categorize chiropractic medicine and physical therapy differently. Compare OCGA § 43-9-1 et seq, regulating the practice of chiropractic, with OCGA § 43-33-1 et seq, regulating the practice of physical therapy.

We cannot ignore the clear statutory requirements for expert witness qualifications in medical malpractice cases. Except in the limited circumstance where the expert is a physician and, who, as a result of specified experience in supervising, teaching, or instructing other health care professionals, has knowledge of the standard of care of that health care provider under the circumstances at issue is competent to testify as to the standard of that health care provider, experts must be of the same profession. See OCGA § 24-9-67.1 (c) (D). As Dr. Siefman does not qualify under OCGA § 24-9-67.1 (c) (D) and is not licensed in Florida as a physical therapist, he does not meet this requirement, and the trial court abused its discretion in finding that he did. Because Ms. Whitley was required to file a proper affidavit in order to pursue her professional malpractice claim against the Bacon County defendants, the trial court erred in failing to grant their motion to dismiss her claim.

10

Accordingly, the ruling of the trial court must be reversed and the case remanded to the trial court with direction to dismiss Ms. Whitley's complaint.

*Judgment reversed and case remanded with direction. Doyle, P. J., and Boggs, J., concur.*