## S12G1964. HANKLA v. POSTELL.

### (749 SE2d 726)

HUNSTEIN, Justice.

We granted certiorari in this medical malpractice action to determine whether Georgia's expert witness statute permits a physician to testify as to the standard of care applicable to a nurse midwife, where the physician regularly renders the medical treatment at issue in the case but has not supervised nurse midwives in the rendering of such treatment in accordance with the statute's requirements. See OCGA § 24-7-702 (c) (2013).[1] Construing the statutory language in light of the legislative purposes behind the law's enactment, we conclude that the statute does not permit such testimony, even where a physician satisfies the "active practice" requirement of OCGA § 24-7-702 (c) (2) (A). Thus, we now hold that, to be qualified to give expert medical testimony, a physician or other health care provider, regardless of her experience in "active practice," must satisfy either the "same profession" requirement of OCGA § 24-7-702 (c) (2) (C) or the "supervision" requirement of subparagraph (c) (2) (D). Accordingly, we affirm the judgment of the Court of Appeals.

In 2005, Anita Jackson Postell filed suit against Vicki Hankla, a certified nurse midwife, and Southern OB/GYN Associates, her medical practice, alleging professional negligence in connection with the delivery of Postell's infant son. Postell alleged that Hankla had breached the standard of care in handling an obstetrical complication known as shoulder dystocia, in which the infant's shoulders become lodged in the birth canal. As a result, Postell alleged, her son sustained irreversible nerve and muscle damage that has rendered him permanently unable to move or use his right arm.

---

[1] This Code section is the successor, under the new Georgia Evidence Code, to former OCGA § 24-9-67.1, which was in effect at the time this case was tried. Because the current Code section is substantively identical to its predecessor, see Paul S. Milich, *Georgia Rules of Evidence*, § 15:4, at 491 (2012-2013 ed.), our analysis here applies equally to the previous and current versions of the statute.

At trial, the defense presented expert testimony from Dr. Sandra Brickman, a board-certified obstetrician and gynecologist who completed her residency at Emory University and has practiced obstetrics and gynecology in Tifton, Georgia since 2000. Dr. Brickman, who testified that she had handled well in excess of a thousand deliveries in her career and had experience performing obstetrical maneuvers to address shoulder dystocia, opined that Hankla had not breached the standard of care in her delivery of Postell's son. After trial, the jury returned a defense verdict.

On appeal, the Court of Appeals reversed, holding that the trial court had erred in qualifying Dr. Brickman as an expert. *Postell v. Hankla*, 317 Ga. App. 86 (1) (728 SE2d 886) (2012). Specifically, the Court of Appeals concluded that Dr. Brickman did not satisfy the requirements of the expert witness statute because she neither was a member of the "same profession" as Hankla as prescribed in OCGA § 24-7-702 (c) (2) (C) nor had "supervised, taught, or instructed" nurse midwives in accordance with subparagraph (c) (2) (D). Id. at 88-89 (1). Because Dr. Brickman was the only disinterested witness to testify in Hankla's favor as to her compliance with the standard of care, the Court of Appeals held that admission of her testimony was reversible error, requiring a new trial. Id. at 89 (1).

We granted certiorari to determine whether the Court of Appeals' construction of the expert witness statute was correct, when the proffered expert physician has had personal experience in her medical practice with the procedure at issue. We conclude that the statute does not permit such a witness to be qualified as an expert based solely on that experience.

As in all appeals involving the construction of statutes, our review is conducted under a de novo standard. *Kennedy Dev. Co. v. Camp*, 290 Ga. 257, 258 (719 SE2d 442) (2011). OCGA § 24-7-702 (c) provides, in pertinent part:

> . . . [I]n professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert:
>> (1) Was licensed by an appropriate regulatory agency . . . ; and
>> (2) In the case of a medical malpractice action, had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:

(A) The active practice of such area of specialty of his or her profession for at least three of the last five years . . . ; or

(B) The teaching of his or her profession for at least three of the last five years . . . ; and

(C) Except as provided in subparagraph (D) of this paragraph:

(i) [i]s a member of the same profession . . . ; and

(D) Notwithstanding any other provision of this Code section, an expert who is a physician and, as a result of having, during at least three of the last five years immediately preceding the time the act or omission is alleged to have occurred, supervised, taught, or instructed [non-physician health care providers] has knowledge of the standard of care of that health care provider under the circumstances at issue shall be competent to testify as to the standard of that health care provider. . . .

The Court of Appeals has previously considered the grammatical structure of this provision and concluded that

[t]he legislature's use of the word "or" between subparagraphs (2) (A) and (2) (B), followed by its use of the word "and" between subparagraphs (2) (B) and (2) (C), indicates that a medical expert must show *either* "active practice" or "teaching" for "at least three of the last five years," but that whichever of these may be the case, the expert must *also* be "a member of the same profession" as the person whose performance he is evaluating.

*Smith v. Harris*, 294 Ga. App. 333, 336-337 (1) (670 SE2d 136) (2008); accord *Ball v. Jones*, 301 Ga. App. 340 (687 SE2d 625) (2009). In the proceedings below, the Court of Appeals again construed the statute in this manner. See *Postell v. Hankla*, 317 Ga. App. at 88 (1).

Based on the statutory language and legislative intent, we now expressly affirm this construction. Thus, to qualify as an expert in a medical malpractice action under OCGA § 24-7-702 (c), the witness must (1) have actual knowledge and experience in the relevant area through either "active practice" or "teaching" *and* (2) either be in the

"same profession" as the defendant whose conduct is at issue or qualify for the exception to the "same profession" requirement set forth in subparagraph (c) (2) (D). Under the exception, a proffered expert who is a physician is permitted to qualify as an expert as to a non-physician health care provider, but only if she has knowledge regarding the relevant standard of care "as a result of having . . . supervised, taught, or instructed" such non-physician health care providers. See *Pendley v. Southern Regional Health System*, 307 Ga. App. 82 (2) (704 SE2d 198) (2010) (physician not qualified as expert on standard of care for nurse because he did not satisfy requirements of subparagraph (c) (2) (D)); *Anderson v. Mountain Mgmt. Svcs., Inc.*, 306 Ga. App. 412 (2) (702 SE2d 462) (2010) (same).

Though Hankla urges us to construe the statute as deeming an expert qualified so long as she meets the "active practice" requirement of subparagraph (c) (2) (A), we must reject this construction. We acknowledge that the grammatical structure of the statute would, in theory, permit us to read the statute as prescribing the "active practice" requirement as an independent ground for qualification as an expert, as an alternative to the combined requirements of "teaching" and either "same profession" or "physician supervisor" in subparagraphs (c) (2) (B), (C), and (D). Under this construction, only if the proffered witness's expertise in the procedure at issue was derived from "teaching" would the "same profession" requirement apply; if the witness's expertise were derived from "active practice," no further qualification would be necessary.

While this proposed construction is plausible, it would not comport with the legislative intent underlying the statute. See OCGA § 1-3-1 (a) ("[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly"). The current expert witness statute was enacted as part of the Tort Reform Act of 2005, an attempt by the General Assembly to address what it viewed as "a crisis affecting the provision and quality of health care services in this state." See Ga. L. 2005, p. 1, §§ 1, 7. Together with the other civil justice and health care regulatory reforms in the Act, the expert witness statute was intended to help reduce the cost of liability insurance for health care providers and ensure citizens continued access to care. Id. at pp. 1-2, § 1; see also Hannah Yi Crockett et al., Peach Sheets, *Torts and Civil Practice*, 22 Ga. St. U. L. Rev. 221, 223-224 (2005) (advocates promoted tort reform to address "the ever increasing medical malpractice insurance premiums resulting from large jury awards and settlements"). The intent of the expert witness statute in particular is codified in the statute itself: "It is the intent of the legislature that, in all civil proceedings, the courts of the State of Georgia not be viewed as open to expert evidence that would not be

admissible in other states." OCGA § 24-7-702 (f); see also *Nathans v. Diamond,* 282 Ga. 804, 806 (1) (654 SE2d 121) (2007) (purpose of statute was to ensure that expert testimony be given only by those who have "significant familiarity" with subject matter at issue). The "same profession" requirement, which had not previously been recognized in Georgia, see, e.g., *Nowak v. High,* 209 Ga. App. 536 (433 SE2d 602) (1993) (nurse qualified to testify as to standard of care for physician), was part of the legislature's effort to impose more exacting requirements on expert witnesses in medical malpractice cases.

Consistent with this overall purpose, we construe the "same profession" requirement to apply to all proffered medical experts, even those experienced in the procedure at issue through "active practice." Had the General Assembly intended for "active practice" to stand alone as a sufficient means of expert witness qualification, it could have drafted the statute to make this point explicit and clear. And, should the General Assembly now find that such a result is preferred in circumstances like those presented here, it retains the power to amend the statute to achieve this effect.

Accordingly, we view the requirements of OCGA § 24-7-702 subparagraphs (c) (2) (A) and (c) (2) (B) as together being conjunctive with subparagraphs (c) (2) (C) and (c) (2) (D). Thus, we hold that, to be qualified to testify as an expert, the proffered witness must be a member of the same profession as the defendant whose conduct is at issue, or be a physician satisfying the "supervision" requirements of (c) (2) (D), even if she has the requisite personal knowledge of and experience with the treatment at issue through "active practice" under (c) (2) (A). See *Bacon County Hosp. & Health System v. Whitley,* 319 Ga. App. 545 (737 SE2d 328) (2013) (chiropractor experienced in performing electrostimulation therapy not qualified to testify on standard of care for physical therapist performing same therapy); *Ball,* 301 Ga. App. at 343 (nurse not qualified to testify on standard of care for physical therapist in following care plan of hospital patient); *Smith,* 294 Ga. App. at 337 (1) (pharmacist not qualified to testify on standard of care for physician in administering antibiotic). Here, because it is undisputed that Dr. Brickman neither is a member of the same profession as Hankla nor has supervised nurse midwives in accordance with subparagraph (c) (2) (D), the Court of Appeals correctly held that the trial court abused its discretion in allowing her to testify as an expert regarding the treatment rendered by Hankla.

*Judgment affirmed. Thompson, C. J., Hines, P. J., Benham, Melton and Nahmias, JJ., and Chief Judge Bill Reinhardt concur. Blackwell, J., disqualified.*

DECIDED OCTOBER 7, 2013.

*Coleman Talley, Wade H. Coleman, Gregory T. Talley, Alphonso A. Howell IV, Huff, Powell & Bailey, Randolph P. Powell, Jr.*, for appellants.
*Laura M. Shamp*, for appellees.