S16G0619. YUGUEROS et al. v. ROBLES et al.
(793 SE2d 42)

HINES, Presiding Justice.

This Court granted certiorari to the Court of Appeals in *Robles v. Yugueros*, 335 Ga. App. 324 (779 SE2d 139) (2015), to determine whether that Court was correct in holding that deposition testimony of an organizational representative taken under OCGA § 9-11-30 (b) (6) may be admitted into evidence at trial under OCGA § 9-11-32 (a) (2), without regard to the rules of evidence governing admissibility of expert testimony, see OCGA § 24-7-702. Finding that the Court of Appeals erred, we reverse and remand this case for further proceedings.

Iselda Moreno, wife of Rudy Robles, received liposuction, buttock augmentation, and abdominoplasty surgery performed by Dr. Patricia Yugueros of Artisan Plastic Surgery, LLC ("Artisan") on June 24, 2009. Suffering abdominal pain, Moreno went to the emergency room at Gwinnett Medical Center ("GMC"), where Dr. Michael Violette ultimately discharged her after determining her abdominal x-ray was unremarkable. A GMC radiologist, Dr. James York, who later saw Moreno's abdominal x-ray, could not rule out the possibility of "free air" in her abdomen, which could be a normal post-operative condition or could indicate a more serious issue. He recommended a CT scan and posted this opinion in Moreno's electronic medical record.

Moreno's pain worsened and Robles contacted Dr. Yugueros on Moreno's behalf, who directed him to take Moreno to Northside Hospital, where Dr. Yugueros had privileges; there, Dr. Yugueros provided certain treatment, but did not order a CT scan or procure the radiology report from GMC. Dr. Yugueros, in concert with various other medical professionals, ordered other tests, including an abdominal x-ray, which showed evidence of abdominal free air. Several hours later, on June 28, 2009, Moreno died. Robles sued Dr. Yugueros and Artisan, who designated Drs. Violette and York, as well as GMC, as potentially liable non-parties.

Robles served Artisan with a notice of deposition to depose a representative of the practice under OCGA § 9-11-30 (b) (6),[1] and

---

[1] OCGA § 9-11-30 reads:

(a) **When depositions may be taken.** After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon any defendant or service made under subsection (f) of Code Section 9-11-4, except that leave is not required if a defendant has served a notice of taking deposition or otherwise sought discovery or if special notice is given as provided in paragraph (2) of subsection (b) of this Code section. The attendance of witnesses may be compelled by subpoena as provided in Code Section 9-11-45. The deposition of a person confined in a penal institution may be taken only by leave of court on such terms as the court prescribes.

(b) **Notice of examination.**

(1) **General requirements.** A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition, the means by which the testimony shall be recorded, and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person to be examined or the particular class or group to which he or she belongs. If a subpoena for the production of documentary and tangible evidence is to be served on the person to be examined, the designation of the materials to be produced, as set forth in the subpoena, shall be attached to, or included in, the notice.

(2) **Special notice.** Leave of court is not required for the taking of a deposition by plaintiff if the notice:

(A) States that the person to be examined is about to go out of the county where the action is pending and more than 150 miles from the place of trial, or is about to go out of the United States, or is bound on a voyage to sea, and will be unavailable for examination unless the deposition is taken before expiration of the 30 day period; and

(B) Sets forth facts to support the statement.

The plaintiff's attorney shall sign the notice, and said attorney's signature constitutes a certification by him or her that, to the best of his or her knowledge, information, and belief, the statement and supporting facts are true. If a party shows that, when he or she was served with notice under this paragraph, he or she was unable through the exercise of diligence to obtain counsel to represent him or her at the taking of the deposition, the deposition may not be used against such party.

(3) **Time requirements.** The court may, for cause shown, enlarge or shorten the time for taking the deposition.

(4) **Recording of deposition.** Unless the court orders otherwise, the testimony at a deposition must be recorded by stenographic means, and may also be recorded by sound or sound and visual means in addition to stenographic means, and the party taking the deposition shall bear the costs of the recording. A deposition shall be conducted before an officer appointed or designated under Code Section 9-11-28. Upon motion of a party or upon its own motion, the court may issue an order designating the manner of recording, preserving, and filing of a deposition taken by nonstenographic means, which order may include other provisions to assure that the recorded testimony will be accurate

Artisan designated Dr. Diane Alexander as the deponent; Dr. Alex-

and trustworthy. Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means. With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the methods specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders. The appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. Notwithstanding the foregoing provisions of this paragraph, a deposition may be taken by telephone or other remote electronic means only upon the stipulation of the parties or by order of the court. For purposes of the requirements of this chapter, a deposition taken by telephone or other remote electronic means is taken in the state and at the place where the deponent is to answer questions.

(5) **Production of documents and things.** The notice to a party deponent may be accompanied by a request made in compliance with Code Section 9-11-34 for the production of documents and tangible things at the taking of the deposition. The procedure of Code Section 9-11-34 shall apply to the request.

(6) **Deposition of organization.** A party may, in his or her notice, name as the deponent a public or private corporation or a partnership or association or a governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he or she will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This paragraph does not preclude taking a deposition by any other procedure authorized in this chapter.

(c) **Examination and cross-examination; record of examination; oath; objections.**

(1) Examination and cross-examination of witnesses may proceed as permitted at the trial under the rules of evidence. The authorized officer or court reporter before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under the direction and in the presence of the authorized officer or court reporter, record the testimony of the witness.

(2) All objections made at the time of the examination to the qualifications of the officer taking the deposition, or to the manner of taking it, or to the evidence presented, or to the conduct of any party, and any other objection to the proceedings shall be noted by the officer upon the deposition. Evidence objected to shall be taken subject to the objections. In lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition, and said party shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.

(3) Unless otherwise ordered by the court or agreed by the parties, the officer shall retain the record of each deposition until the later of (A) five years after the date on which the deposition was taken, or (B) two years after the date of final disposition of the action for which the deposition was taken and any appeals of such action. The officer may preserve the record through storage of the original paper, notes, or

ander is Artisan's founder and co-owner. During Dr. Alexander's

recordings or an electronic copy of the notes, recordings, or the transcript on computer disks, cassettes, backup tape systems, optical or laser disk systems, or other retrieval systems.

(d) **Motion to terminate or limit examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the county where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition as provided in subsection (c) of Code Section 9-11-26. If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. Paragraph (4) of subsection (a) of Code Section 9-11-37 applies to the award of expenses incurred in relation to the motion.

(e) **Review by witness; changes; signing.** If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by paragraph (1) of subsection (f) of this Code section whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed. If the deposition is not reviewed and signed by the witness within 30 days of its submission to him or her, the officer shall sign it and state on the record that the deposition was not reviewed and signed by the deponent within 30 days. The deposition may then be used as fully as though signed unless, on a motion to suppress under paragraph (4) of subsection (d) of Code Section 9-11-32, the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.

(f) **Certification and filing by officer; inspection and copying of exhibits; copy of deposition.**

(1)(A) The officer shall certify that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. This certificate shall be in writing and accompany the record of the deposition. The officer shall then securely seal the deposition in an envelope marked with the title of the action, the court reporter certification number, and "Deposition of (here insert name of witness)" and shall promptly file it with the court in which the action is pending or deliver it to the party taking the deposition, as the case may be, in accordance with Code Section 9-11-29.1.

(B) Documents and things produced for inspection during the examination of the witness shall, upon the request of a party, be marked for identification and annexed to and returned with the deposition and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification, if he or she affords to all parties fair opportunity to verify the copies by comparison with the originals; and, if the person producing the materials requests their return, the officer shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them, and the materials may then be used in the same manner as if annexed to and returned with the

deposition, the following occurred:

> Q: Do you know who ordered a CT scan?
> A: I suspect Dr. Yugueros ordered it.[2]
> Q: Would that, given your understanding, have been part of the standard of care to order a CT scan?
> [Counsel for Yugueros and counsel for Artisan each stated: "Object to the form," and Alexander was told she could answer the question.]
> A: If you don't understand why the patient — why they're having pain, it would be standard of care to — if you don't know what's going on, that would be a — yes. The answer is, yes, a CT scan would be — it would provide more information. And then the other pieces of information that I remember were that she had had the x-ray at the other hospital which showed free air and that that had not been communicated to Dr. Yugueros or — and the emergency room at Northside also was not made aware of that as well. So that's my recollection and that's just what Dr. Ashraf told me about the case.

---

deposition. Any party may move for an order that the original be annexed to and returned with the deposition to the court, pending final disposition of the case.

(2) Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent.

(g) **Failure to attend or to serve subpoena; expenses.**

(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.

(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon him and the witness, because of such failure, does not attend and if another party attends in person or by attorney because he expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.

(h) **Form of presentation.** Except as otherwise directed by the court, a party offering deposition testimony may offer it in stenographic or nonstenographic form, but if in nonstenographic form, the party shall also provide the court with a transcript of the portions so offered. On request of any party in a case tried before a jury, deposition testimony offered other than for impeachment purposes shall be presented in nonstenographic form, if available, unless the court for good cause orders otherwise.

[2] In fact, a CT scan had not been ordered by Dr. Yugueros or anyone else.

Artisan filed a motion in limine to exclude this testimony, and during a pre-trial hearing, and at trial,[3] the defendants argued that Dr. Alexander's testimony as to the standard of care should be excluded because the requirements of OCGA § 24-7-702,[4] which governs the admission of expert testimony in civil cases, had not been met, in part because Dr. Alexander had not been provided all the data

---

[3] During the pre-trial hearing, the trial court denied the motion in limine without prejudice, stating that the matter could be raised again if the evidence warranted.

[4] OCGA § 24-7-702 reads:

(a) Except as provided in Code Section 22-1-14 and in subsection (g) of this Code section, the provisions of this Code section shall apply in all civil proceedings. The opinion of a witness qualified as an expert under this Code section may be given on the facts as proved by other witnesses.

(b) If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if:

(1) The testimony is based upon sufficient facts or data;

(2) The testimony is the product of reliable principles and methods; and

(3) The witness has applied the principles and methods reliably to the facts of the case which have been or will be admitted into evidence before the trier of fact.

(c) Notwithstanding the provisions of subsection (b) of this Code section and any other provision of law which might be construed to the contrary, in professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert:

(1) Was licensed by an appropriate regulatory agency to practice his or her profession in the state in which such expert was practicing or teaching in the profession at such time; and

(2) In the case of a medical malpractice action, had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:

(A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; or

(B) The teaching of his or her profession for at least three of the last five years as an employed member of the faculty of an educational institution accredited in the teaching of such profession, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in teaching others how to perform the procedure, diagnose the condition, or render the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; and

necessary to form an opinion.[5] The trial court agreed and excluded the testimony, and the jury returned a defense verdict.

On appeal, the Court of Appeals reversed. In addressing the argument that

> a trial court's decision about whether a witness is qualified to render an expert opinion should be reviewed for abuse of

---

(C) Except as provided in subparagraph (D) of this paragraph:

  (i) Is a member of the same profession;

  (ii) Is a medical doctor testifying as to the standard of care of a defendant who is a doctor of osteopathy; or

  (iii) Is a doctor of osteopathy testifying as to the standard of care of a defendant who is a medical doctor; and

(D) Notwithstanding any other provision of this Code section, an expert who is a physician and, as a result of having, during at least three of the last five years immediately preceding the time the act or omission is alleged to have occurred, supervised, taught, or instructed nurses, nurse practitioners, certified registered nurse anesthetists, nurse midwives, physician assistants, physical therapists, occupational therapists, or medical support staff, has knowledge of the standard of care of that health care provider under the circumstances at issue shall be competent to testify as to the standard of that health care provider. However, a nurse, nurse practitioner, certified registered nurse anesthetist, nurse midwife, physician assistant, physical therapist, occupational therapist, or medical support staff shall not be competent to testify as to the standard of care of a physician.

(d) Upon motion of a party, the court may hold a pretrial hearing to determine whether the witness qualifies as an expert and whether the expert's testimony satisfies the requirements of subsections (a) and (b) of this Code section. Such hearing and ruling shall be completed no later than the final pretrial conference contemplated under Code Section 9-11-16.

(e) An affiant shall meet the requirements of this Code section in order to be deemed qualified to testify as an expert by means of the affidavit required under Code Section 9-11-9.1.

(f) It is the intent of the legislature that, in all civil proceedings, the courts of the State of Georgia not be viewed as open to expert evidence that would not be admissible in other states. Therefore, in interpreting and applying this Code section, the courts of this state may draw from the opinions of the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999); and other cases in federal courts applying the standards announced by the United States Supreme Court in these cases.

(g) This Code section shall not be strictly applied in proceedings conducted pursuant to Chapter 9 of Title 34 or in administrative proceedings conducted pursuant to Chapter 13 of Title 50.

[5] The defendants also argued that Dr. Alexander had not been identified as an expert and that her testimony contained hearsay.

discretion only, and . . . that Dr. Alexander was not qualified as an expert and that her opinion was not buttressed by sufficient facts or data to be admissible[,]

*Robles*, supra at 328, the Court of Appeals stated that "this argument misses the mark entirely. The evidence was not offered as expert testimony under OCGA § 24-7-702 (b); it was offered as a party's admission against interest under OCGA § 9-11-32 (a) (2)."[6] Id. However, this statement by the Court of Appeals does not accurately

---

[6] OCGA § 9-11-32 reads:

(a) **Use of depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness;

(2) The deposition of a party or of anyone who, at the time of taking the deposition, was an officer, director, or managing agent or a person designated under paragraph (6) of subsection (b) of Code Section 9-11-30 or subsection (a) of Code Section 9-11-31 to testify on behalf of a public or private corporation, a partnership or association, or a governmental agency which is a party may be used by an adverse party for any purpose;

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

(A) That the witness is dead;

(B) That the witness is out of the county, unless it appears that the absence of the witness was procured by a party offering the deposition;

(C) That the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment;

(D) That the party offering the deposition has been unable to procure the attendance of the witness by subpoena;

(E) That because of the nature of the business or occupation of the witness it is not possible to secure his personal attendance without manifest inconvenience to the public or third persons; or

(F) That the witness will be a member of the General Assembly and that the session of the General Assembly will conflict with the session of the court in which the case is to be tried;

(4) The deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial. The use of the deposition shall not be a ground for excluding the witness from testifying orally in open court; or

(5) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts. Substitution of parties does not affect the right to use depositions

reflect the law.

previously taken; and, when an action in any court of the United States or of any state has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor.

(b) **Objections to admissibility.** Subject to paragraph (3) of subsection (d) of this Code section, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

(c) **Effect of taking or using depositions.** A party does not make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition; but this shall not apply to the use by an adverse party of a deposition under paragraph (2) of subsection (a) of this Code section. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party.

(d) **Effect of errors and irregularities in depositions.**

(1) **As to notice.** All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.

(2) **As to disqualification of officer.** Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.

(3) **As to taking of deposition.**

(A) Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time.

(B) Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties, and errors of any kind which might be obviated, removed, or cured if promptly presented are waived unless seasonable objection thereto is made at the taking of the deposition.

(C) Objections to the form of written questions submitted under Code Section 9-11-31 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions and within five days after service of the last questions authorized.

(4) **As to completion and return of deposition.** Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed, or otherwise dealt with by the officer under Code Sections 9-11-30 and 9-11-31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.

Certainly, OCGA § 9-11-32 (a) (2) states that the deposition of a deponent designated under OCGA § 9-11-30 (b) (6) "may be used by an adverse party for any purpose," but that provision must be read in light of OCGA § 9-11-32 (a)'s overriding requirements that

> [a]t the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, *so far as admissible under the rules of evidence applied as though the witness were then present and testifying*, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, *in accordance with any of the following provisions*[.]

(Emphasis supplied.) OCGA § 9-11-32 (a) (2) is simply one of those "following provisions"; it does not create a rule of evidence that allows any deposition taken under OCGA § 9-11-30 (b) (6) to be admitted at trial in its entirety as "an admission against interest," but provides for the admission of the deposition when that admission is permitted under relevant rules of evidence.[7] And, when testifying as to the medical standard of care, OCGA § 24-7-702 is a relevant rule of evidence, and an appellate court is to uphold the trial court's decision on the admission of such evidence, absent an abuse of the trial court's discretion. See *Hankla v. Postell*, 293 Ga. 692, 694-695 (749 SE2d 726) (2013).

Under OCGA § 24-7-702, it is the role of the trial court to act as a gatekeeper of expert testimony. See *HNTB Ga., Inc. v. Hamilton-King*, 287 Ga. 641, 645 (2) (697 SE2d 770) (2010). This role is not extinguished simply because deposition testimony, including expert testimony, is secured under OCGA § 9-11-30 (b) (6). Although Robles argues that the notice of deposition served on Artisan required that Artisan provide and prepare a witness as an expert, that Dr. Alexander possesses qualifications that could establish her as an expert witness, and that there was no proper objection to her qualifications, these matters were not addressed in the opinion of the Court of Appeals and are beyond the scope of this Court's writ of certiorari. Accordingly, the judgment of the Court of Appeals is reversed, and the case is remanded to that Court for proceedings consistent with the opinion of this Court.

---

[7] We note that OCGA § 9-11-32 (a) (2)'s reference to use of an adverse party's deposition for "any purpose" is in juxtaposition to OCGA § 9-11-32 (a) (1)'s provision that "[a]ny deposition" may be used for the purpose of impeachment.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

*Carlock Copeland & Stair, Thomas S. Carlock, Wayne D. McGrew III; Huff, Powell & Bailey, Michael S. Bailey, Erica S. Jansen*, for appellants.

*Isenberg & Hewitt, Brent J. Kaplan, Hilary W. Hunter*, for appellees.