**FIRST DIVISION
RICKMAN, C. J.,
BARNES, P.J. and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 8, 2023**

# In the Court of Appeals of Georgia

A23A0041. BRYANT v. OKAFOR.

LAND, Judge.

Christopher Bryant filed this medical malpractice action arising out of the care and treatment rendered by Gertrude Okafor, a nurse practitioner, when he arrived at the emergency department of Wellstar Spalding Hospital for an evaluation after an automobile accident.[1] Bryant's complaint alleges that Okafor failed to follow the applicable standard of care when evaluating him and that she therefore failed to detect the symptoms of a stroke and "notify the provider" of a potential stroke. In support of his professional malpractice claim against Okafor and pursuant to OCGA § 9-11-9.1 (a), Bryant filed an expert affidavit signed by Gail Kujawski, a registered nurse,

---

[1] Bryant's complaint also listed Wellstar Medical Group, LLC and WellStar Spalding Regional Hospital, Inc. as defendants.

in which Kujawski opined that Okafor failed to meet the standard of care for nurses in Georgia during her evaluation of Bryant. Okafor filed a motion to dismiss, claiming that Kujawski was not qualified to provide an OCGA § 9-11-9.1 affidavit regarding the standard of care applicable to nurse practitioners. The trial court granted Okafor's motion to dismiss, finding that the affidavit of the registered nurse did not meet the "same profession" pleading threshold requirements of OCGA §§ 9-11-9.1 and 24-7-702 to initiate a professional malpractice action against a nurse practitioner. For the following reasons, we reverse.

Our standard of review on a motion to dismiss for an insufficient affidavit under OCGA § 9-11-9.1 is similar to the standard of review on a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). *Abramson v. Williams*, 281 Ga. App. 617, 618 (636 SE2d 765) (2006). "Accepting the allegations of the plaintiff's pleadings and affidavits as true, we review the trial court's application of [OCGA § 24-7-702] to these facts de novo." Id.

Bryant's complaint alleges the following: On February 26, 2019, Bryant, a 42-year old male, went to the emergency department at Wellstar Spalding Regional Hospital for pain he was experiencing after being involved in a motor vehicle accident. Okafor, a nurse practitioner, was the highest level clinician to see Bryan

2

during his visit. Okafor ordered basic vitals to be taken (revealing high blood pressure), prescribed pain medication, and ordered x-rays. When Bryant returned from radiology, his wife requested to speak to a nurse because she noticed that he began drooling, had slurred speech, the left side of his mouth drooped, and he was cold. Okafor came into the room, assessed his ability to speak, and then left the room. Okafor then ordered that he be discharged. When his symptoms became increasingly worse, Bryant went to a different hospital where he was diagnosed with a stroke later that day.

Bryant's complaint alleges, in relevant part, that Okafor deviated from the standard of care, that this deviation from the standard of care was both negligent and professionally negligent and that, as a direct and proximate result of this negligence, Bryant's stroke was not diagnosed until later in the day. Bryant attached the affidavit of Kujawski, a registered nurse, to his complaint wherein Kujawski opined that Bryant had exhibited classic signs of a stroke and that Okafor had violated the "standard of care for nurses" because she failed to perform a physical examination and report the results to a doctor.

The trial court granted Okafor's motion to dismiss the complaint for failure to

3

to comply with the pleading requirements of OCGA § 9-11-9.1. The trial court's order reasoned that the affidavit of a registered nurse did not meet the "same profession" threshold pleading requirements of OCGA §§ 9-11-9.1 and 24-7-702 necessary to initiate a medical malpractice action against a nurse practitioner. Bryant appeals from that order.

In professional malpractice cases against certain specified licensed professionals, Georgia law requires a plaintiff to file with the complaint a legally valid affidavit of "an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). "[A]n affiant shall meet the requirements of [OCGA § 24-7-702] in order to be deemed qualified to testify as an expert by means of an affidavit required by [OCGA §] 9-11-9.1." OCGA § 24-7-702 (e). The plaintiff's complaint shall be subject to dismissal for failure to state a claim if the affidavit filed with the complaint is deemed defective. See OCGA § 9-11-9.1 (e).

OCGA § 24-7-702 (c) sets forth specific competency requirements for experts in professional malpractice actions. OCGA § 24-7-702 (c) requires, among other things, that at the time the act or omission is alleged to have occurred, the expert was

4

licensed to practice his or her profession. In medical malpractice actions, the expert must have "had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in" either the active practice of such area of specialty of his or her profession for at least three of the last five years or the teaching of his or her profession for at least three of the last five years as an employed faculty member of an accredited educational institution. OCGA § 24-7-702 (c) (2) (A) - (B). The statute also requires, with certain exceptions not applicable here,[2] that the expert be a "member of the same profession" as the defendant. OCGA § 24-7-702 (c) (2) (C) (i). See *Dempsey v. Gwinnett Hosp. Sys., Inc.*, 330 Ga. App. 469, 472 (1) (a) (765 SE2d 525) (2014). It is this "same profession" requirement that served as the basis for the trial court's ruling in this case and the one that is at the heart of our decision on this appeal.

[2] OCGA § 24-7-702 contains a provision allowing a physician's testimony about the negligence of other, non-physician medical professionals under certain circumstances. OCGA § 24-7-702 (c) (2) (D) ("[A]n expert who is a physician and, as a result of having, during at least three of the last five years immediately preceding the time the act or omission is alleged to have occurred, supervised, taught, or instructed nurses, nurse practitioners, certified registered nurse anesthetists, nurse midwives, physician assistants . . . has knowledge of the standard of care of that health care provider under circumstances at issue shall be competent to testify as to the standard of the healthcare provider. However, a nurse, nurse practitioner, certified nurse anesthetist, nurse midwife, physician assistant . . . shall not be competent to testify as to the standard of care of a physician").

5

(a) *Same Profession.* OCGA § 9-11-9.1 (g) sets forth an enumerated list of professions that require an expert affidavit to be filed with a complaint in a professional malpractice action. Based on this list and our precedent, it is clear that both Kujawski and Okafor are members of the same profession. Both are licensed nurses. Similar to the statute's treatment of "medical doctors" as a profession, OCGA § 9-11-9.1 (g) (12) broadly lists "nurses" as a profession and does not recognize nurse practitioners and registered nurses as separate professions. Indeed, this Court has held that a certified nurse midwife and a registered nurse are members of the "same profession" for the purposes of OCGA § 24-7-702 (c) (2) (C) (i) even though a certified nurse midwife is an advanced practice nurse with "advanced training in a specialized area." *Dempsey*, 330 Ga. App. at 474 (1). See also *Graham v. Reynolds*, 343 Ga. App. 274, 278 (1) (a) (807 SE2d 39) (2017) (despite their "different specialities," a medical doctor specializing in cardiology and an emergency room physician are members of the "same profession"); *Russell v. Kantamneni*, 363 Ga. App. 899 (873 SE2d 458) (2022) (a rheumatologist and a psychiatrist are members of the "same profession"). Compare *Bacon County Hosp. & Health Sys. v. Whitley*, 319 Ga. App. 545, 549-550 (737 SE2d 328) (2013) (holding that plaintiff in medical malpractice action could not introduce testimony of a chiropractor against a physical

6

therapist because the two professions are listed separately under OCGA § 9-11-9.1 (g)).

Given the undisputed facts and the law set forth above, we conclude that Kujawski, a registered nurse, is a member of the same profession as Okafor, a nurse practitioner. They are both nurses and members of the nursing profession. Just as nurses and nurse midwives are members of the same profession, cardiologists and ER doctors are members of the same profession, and rheumatologists and psychiatrists are members of the same profession, so too are registered nurses and nurse practitioners. Thus, the trial court erred in granting Okafor's motion to dismiss on the ground that a registered nurse and a nurse practitioner are not members of the same profession.[3]

(b) *Actual professional knowledge of specialty.* In the trial court, Okafor advanced an additional argument as to why Kujawski is not qualified to testify in this

---

[3]A contrary holding would not only ignore the plain language of OCGA § 9-11-9.1 (g) and the precedent cited above but it would also defeat Okafor's affidavit defense entirely. If we were to accept the argument that Okafor is a member of the "nurse practitioner" profession rather than the "nurses" profession actually listed in the statute, we would be constrained to hold that no affidavit is required at all in this case or any other case against a nurse practitioner since OCGA § 9-11-9.1 (g) does not list "nurse practicioners" in its list of professions. We decline to adopt this position.

case, specifically because Kujawski allegedly lacks the "actual professional knowledge and experience" required by OCGA § 24-7-702 (c) (2) since she is not a nurse practitioner and therefore never actively practiced in that area of specialty. The question of whether the area of specialty here involves issues beyond the scope of Kujawski's expertise and statutory qualifications presents a different issue than the straightforward "same profession" argument addressed above. It is an issue that the trial court did not rule on, choosing instead to rest its ruling solely on its conclusion that Kujawski and Okafor are not members of the "same profession." Thus, this issue is not ripe for our review. See *Dempsey*, 330 Ga. App. at 474 (1) (b) (because trial court's order only addressed the "same profession" requirement under OCGA § 24-7-702 (c), the issue of whether a certified nurse midwife had sufficient experience to provide testimony as to the standard of care applicable to a registered nurse was not ripe for review). Because the Court of Appeals is a "court for the correction of errors, we do not consider issues which were not raised and ruled upon by the trial court," and we "are not authorized to render advisory opinions as to potential error". Id. at 475 (3) (citation and punctuation omitted).

For the above reasons, we reverse the trial court's grant of Okafor's motion to dismiss.

*Judgment reversed. Rickman, C.J. and Barnes, P. J., concur*.